UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                           :
ELAINE HANCHARD-JAMES, individually    :
and on behalf of all other persons similarly    :
situated,                                       :           **ORDER**
                                           :
                       Plaintiff,                :           12 Civ. 1922 (BMC)
                                           :
          -against-                    :
                                           :
THE BROOKDALE HOSPITAL MEDICAL     :
CENTER, THE BROOKDALE UNIVERSITY    :
HOSPITAL MEDICAL CENTER, ALTHEA     :
BAILEY, and JOHN DOES #1-10,            :
                                           :
                     Defendants.             :
                                           :
-------------------------------------------------------------- X

       The following rulings are made with respect to defendant's motion to dismiss [16]:

       1. Point I(A) is denied. Obviously plaintiff cannot recover for unpaid wages beyond the two year/three year FLSA statute of limitations without equitable tolling. Whether equitable tolling is available cannot be determined from the face of the complaint; a plaintiff has no obligation to plead facts to show equitable tolling, at least where, as here, a substantial portion if not the majority of her claim is admittedly within the statute of limitations. Indeed, the case defendant cites in support of its argument, Gunawan v. Sake Sushi Restaurant, 09 civ. 5018, 2011 WL 3841420 (E.D.N.Y. Aug. 26, 2011), was decided on summary judgment, not a motion to dismiss. The Court will revisit this argument, if necessary, either in connection plaintiff's motion for leave to notice of the action, or at summary judgment, or on a motion for a directed verdict.

2. Points I(B) and (C) are denied. If plaintiff is working through lunch and after her scheduled hours, it is plausible that she is working 60 hours for her five day week, and 70 hours for her six day week, or at least something close to those numbers. Plaintiff has sufficiently detailed her daily activities to distinguish her from the plaintiffs in the cases upon which defendant relies. She has given enough notice of her claim to warrant discovery; defendant can always move for summary judgment if her allegations don't pan out or show *de minimis* unpaid overtime.

3. Point I(D) is denied. This is a complaint, not an interrogatory answer. Plaintiff alleges she necessarily works through lunch, defendant knows it, and deducts the time nevertheless. This satisfies both the notice and plausibility requirements of Rule 8(a). More details can be obtained in discovery. To the extent <u>Wolman v. Catholic Health System of Long Island, Inc</u>, No. 10 civ. 1326, 2012 WL 566255 (E.D.N.Y. Feb. 16, 2012), holds to the contrary, I respectfully disagree with it.

4. Point I(E) is denied. Plaintiff alleges that she complained to her supervisor about her unpaid time and was ignored. That is a sufficient allegation to plausibly suggest willfulness.

5. Subject to reviewing plaintiff's opposition to this motion, the Court is inclined to grant that portion of the motion that seeks to dismiss Ms. Bailey and the John Does. The only factual allegation as to them is that they "participated" in the "day-to-day operations" of the corporate defendant. But so did plaintiff. Mere "participation" is not enough to make someone liable under the FLSA. Besides, the use of the word "participation," although factual, is so general that it gives no notice of what these individuals did that makes them controlling persons under the FLSA.

6. Subject to reviewing plaintiff's opposition to this motion, the Court is inclined to grant defendant's motion to dismiss plaintiff's spread-of-hours claim under New York Labor Law § 142-2.4.  As the Court noted at the Initial Status Conference, there is conflicting authority on this issue, but the majority and, in this Court's view, the better-reasoned approach is that the requirement applies only to workers who receive or would receive less than minimum wage.  See Sosnowy v. A. Perri Farms, Inc.,764 F.Supp.2d 457 (E.D.N.Y. 2011) (citing and discussing conflicting authorities).

7. Point III(B) is denied, subject to the Court's ruling on plaintiff's motion for leave to serve notice of a collective action.  If plaintiff has given sufficient identifying information to warrant granting that motion, then her complaint can easily be amended to assert it there.

8. The remainder of the points raised in defendant's motion to dismiss is denied as their disposition follows from the rulings set forth above.

9. The request for a stay of discovery is denied.

**SO ORDERED.**

signed electronically/Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       July 8, 2012

3