UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
ELAINE HANCHARD-JAMES, :
:
                         Plaintiff, : **MEMORANDUM**
: **DECISION AND ORDER**
     -against- :
: 12 Civ. 1922 (BMC)
:
BROOKDALE FAMILY CARE CENTERS, :
ALTHEA BAILEY, and JOHN DOES #1-10, :
:
                        Defendants. :
:
-------------------------------------------------------- X
**COGAN**, District Judge.

     Familiarity with the facts of this simple Fair Labor Standards Act ("FLSA") case is presumed for the purposes of this decision, but some procedural background is necessary. On July 6, 2012, defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. By Memorandum Decision and Order dated July 8, 2012, this Court denied certain portions of the motion and reserved decision as to other portions of the motion.[1] Plaintiff opposed the motion on July 16, 2012, and defendants have submitted reply briefs in further support of their motion. For the reasons stated below, those portions of the motion that were not denied in this Court's July 8, 2012, decision are granted and plaintiff's complaint is dismissed as to individual defendants Althea Bailey and "John Does #1-10."

     Defendants' motion is granted to the extent it seeks dismissal of Althea Bailey and the "John Doe" defendants. Under both federal and New York law, an individual "employer" may

---

[1] Notwithstanding this Court's denial of certain portions of the motion to dismiss on the day the motion was filed, plaintiff nevertheless responded to the motion, citing to the Court's decision as "authority." If and when plaintiff proves an entitlement to attorneys' fees, he is not going to be allowed fees for opposing those parts of the motion that had already been denied. The purpose of the Court's prompt ruling was obviously to eliminate the need for either side to spend time and money on issues that were not viable.

be held liable for unpaid wages. See Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999). The term "employer" is defined in the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). As plaintiff correctly notes, the Supreme Court has described the FLSA's definition of "employer" as expansive. See Falk v. Brennan, 414 U.S. 190, 195, 94 S. Ct. 427 (1973).[2]

Despite the broad reach of the FLSA's definition of "employer," this term is not boundless. In determining whether a particular individual is an employer, the parties agree that this Court must apply the "economic reality" test set forth in Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984). This test requires me to consider: (1) whether the individual had the power to hire and fire employees; (2) whether the individual supervised and controlled employee work schedules or conditions of employment; (3) whether the individual determined the rate and method of payment; and (4) whether the individual maintained employment records. Id. None of these factors is solely determinative; courts must consider the totality of the circumstances and keep in mind that the "overarching concern is whether the alleged employer possessed the power to control the workers in question." Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). Under this standard, plaintiff's claim against Bailey and the "John Doe" defendants must allege enough facts for this Court to determine that it is

---

[2] New York Labor Law includes an equally expansive definition of employer, see N.Y.L.L. §§ 2, 651, and courts therefore routinely analyze whether a defendant is an employer under the same framework for both New York State and federal law. See, e.g., Wilk v. VIP Health Care Servs., No. 10-CV-5530, 2012 U.S. Dist. LEXIS 21630, at *22-23 n.9 (E.D.N.Y. Feb. 21, 2012).

2

"plausible" that these individuals would meet the Carter Court's definition of an "employer." See, e.g., Sampson v. MediSys Health Network, Inc., No. 10-CV-1342, 2012 WL 3027838, at *5 (E.D.N.Y. July 24, 2012) (dismissing the plaintiff's claims against individual defendant for failing to allege facts sufficient to demonstrate that the defendant was an "employer" under the Carter test); Diaz v. Consortium for Worker Educ. Inc., No. 10-CV-01848, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (same).

The only factual allegation as to the "John Doe" defendants is that they "participated" in the "day-to-day operations" of the corporate defendant. Even construing this allegation in the light most favorable to plaintiff, it does not come close to satisfying the "economic reality" test. In particular, plaintiff alleges no facts to support an inference that these unnamed defendants had any control over plaintiff. Although the allegations regarding Bailey are slightly more detailed – plaintiff alleges that Bailey was her supervisor and that Bailey ignored plaintiff's complaints regarding overtime – the allegations are similarly insufficient under the "economic reality" test. Plaintiff has not alleged any facts from which this Court could infer that Bailey had the power to hire and fire employees; determined plaintiff's pay rate; dictated plaintiff's schedule; or maintained any employment records. All of the Carter factors are thus lacking, and there is no other basis for this Court to determine that Bailey had any particular control over plaintiff. Bailey and the "John Doe" defendants are therefore dismissed from this case.

Defendants' motion to dismiss plaintiff's spread-of-hours claim under New York Labor Law § 142-2.4 is also granted. Notwithstanding plaintiff's citation to a contrary view set forth in Yang v. ACBL, 427 F. Supp. 2d 327 (S.D.N.Y. 2005), this Court's view is that the spread-of-hours requirement applies only to workers who receive or would receive less than minimum

wage. See Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457 (E.D.N.Y. 2011). Plaintiff concedes that she was paid more than minimum wage; her spread-of-hours claim thus fails.

**SO ORDERED.**

s/ BMC
U.S.D.J.

Dated: Brooklyn, New York
August 7, 2012