UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
           :
ELAINE HANCHARD-JAMES,        :
           :
          Plaintiff,   :  **MEMORANDUM**
           :  **DECISION AND ORDER**
   -against-      :
           :  12 Civ. 1922 (BMC)
           :
BROOKDALE FAMILY CARE CENTERS,  :
           :
          Defendant.  :
           :
---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff commenced this action under the Fair Labor Standards Act ("FLSA") on behalf of herself and all others similarly situated. Her original complaint sought unpaid wages, overtime compensation, and spread of hours compensation under New York labor laws. In a Memorandum Decision and Order dated August 7, 2012, this Court dismissed the individual defendants from this action and dismissed plaintiff's spread of hours claims against the remaining defendant, Brookdale Family Care Centers ("Brookdale"). Plaintiff now seeks conditional certification as a collective action under section 216(b) of the FLSA, as well as court-authorized notice to all similarly situated nurses employed by Brookdale. To facilitate such notice, plaintiff also moves for an order directing Brookdale to furnish the names and last known addresses of potential collective action members.

For the reasons stated below, plaintiff's [12] motion for conditional certification, court authorized notice, and disclosure of contact information is granted. Plaintiff's proposed form of notice shall be revised as described below.

## **BACKGROUND**

Plaintiff is a registered nurse ("RN") who worked at Brookdale from August, 2008, until January, 2011. Brookdale paid her overtime wages, at time-and-a-half her hourly wage, for those overtime hours for which Brookdale had scheduled plaintiff. However, plaintiff alleges that two different scenarios frequently occurred which caused her to work overtime hours that went uncompensated by Brookdale.

First, plaintiff alleges that she was not permitted to leave work each day until she had completed a long list of job-related tasks such as updating patient charts; filling out paperwork; giving bed baths; and making rounds to administer medications to patients. Plaintiff claims that these responsibilities commonly caused her to work past the scheduled end of her shift by up to an hour and fifteen minutes. Despite being required to stay at Brookdale until she completed these tasks, plaintiff was never paid for the hours she spent working beyond her scheduled shift.

Second, plaintiff alleges that she was often required to work during her scheduled lunch breaks. She was "on call" during these lunch breaks in case of patient emergencies and, according to plaintiff, she was often called back to work before her scheduled meal break was over. Regardless of whether plaintiff's lunch break was cut short, however, Brookdale always deducted an hour and fifteen minutes from plaintiff's daily pay to account for her lunch break.

Plaintiff alleges that other nurses who worked at Brookdale were similarly denied wages for hours spent working during lunch breaks and at the end of each scheduled shift. Plaintiff explains that she "frequently discussed" this issue with other nurses such as Lorna Johnson, "Ms. Cox," and Maude Desilus, all of whom worked in plaintiff's unit at Brookdale. These three

women informed plaintiff that they, too, generally worked through their meal breaks and worked beyond the scheduled end of their shifts. They were not compensated for this unscheduled work.

## DISCUSSION

I.     **Conditional Certification of Collective Action**

Under the FLSA, an employee may bring a collective action on behalf of herself and others "similarly situated" provided that any employee wishing to join the action gives written consent to the court. 29 U.S.C. § 216(b). The Second Circuit has held that district courts may facilitate FLSA collective actions by authorizing the distribution of notice to any potential plaintiffs to inform them of their ability to opt in to the collective action. See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010).

A district court may authorize an opt-in notice for a collective action if the plaintiff has demonstrated that the potential collective action members are "similarly situated" with respect to the alleged FLSA violation. Id. at 555; Cohen v. Gerson Lehrman Group, Inc., 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010). Although the FLSA does not explicitly define the phrase "similarly situated," the Second Circuit has held that plaintiffs can meet this burden by making a "'modest factual showing'" that they and potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). The Second Circuit and numerous district courts within it have acknowledged that the plaintiff's burden at this initial stage is quite lenient. See id. ("The 'modest factual showing' cannot be satisfied simply by unsupported assertions . . . but it should remain a low standard of proof . . . .") (internal quotation marks and citation omitted); Cruz v. Lyn-Rog Inc., 754 F. Supp. 2d 521, 524 (E.D.N.Y. 2010) (explaining that the "'similarly

3

situated' requirement is 'considerably less stringent'" than class certification under Rule 23 (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001))); Sobczak v. AWL Indus, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) ("The burden at this initial stage is minimal . . . .").

In making this minimal showing, courts generally require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Cruz, 754 F. Supp. 2d at 524 (internal quotation marks omitted). Courts do not require proof of an actual FLSA violation by the employer, "but rather that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 58 (E.D.N.Y. 2011) (internal quotation marks omitted). This preliminary determination is usually based on pleadings, declarations, and affidavits submitted by the party seeking conditional certification. See id.

In her declaration, plaintiff alleged that Brookdale has a policy of requiring nurses to be "on call" during their unpaid lunch breaks, which commonly causes nurses to respond to patient emergencies while off the clock. Plaintiff also alleges that many nurses are unable to complete all of their job duties before the scheduled end of their shift, and are thus required to spend up to an hour and fifteen minutes off the clock at the end of each shift. She alleges that she and her colleagues – three of whom she has named – all have the same job duties and are all subject to the same policy regarding "on call" lunch breaks and off-the-clock completion of daily tasks. Plaintiff's declaration therefore sufficiently demonstrates a "factual nexus" between herself and other potential class members, thereby meeting the lenient evidentiary standard required for this action to proceed collectively.

4

Brookdale's position that plaintiff's declaration does not satisfy the evidentiary burden for preliminary certification because her allegations are set forth in "empty conclusory anecdotal hearsay form" is meritless. Courts in the Second Circuit routinely grant motions for conditional certification "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." Sobczak, 540 F. Supp. 2d at 362 (quoting Wraga v. Marble Lite, Inc., No. 05-CV-5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006)). As this Court has noted, courts in this Circuit "regularly rely on such evidence to determine the propriety of sending a collective action notice." Sobczak, 540 F. Supp. 2d at 363; see also Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 386 n.6 (E.D.N.Y. 2010) ("Defendants' argument that [plaintiff's] affidavit is insufficient to support conditional certification because it contains conclusory allegations and hearsay is unpersuasive."); Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F. Supp. 2d 89, 93 (E.D.N.Y. 2010) (defendants' argument that affidavits containing conclusory allegations are "insufficient to establish the required factual nexus" was "without merit and has been explicitly rejected by other courts to consider the issue"); Zivali v. AT & T Mobility, LLC, 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009) ("Defendants' argument that plaintiffs' declarations are comprised of . . . conclusory allegations based on impermissible hearsay is of no moment.").

Brookdale also argues that plaintiff has failed to demonstrate the requisite "factual nexus" because her proposed collective group is "inconsistent, unclear, and insufficiently defined." As Brookdale points out, plaintiff describes the putative collective action variously as "other similar RN employees"; "similar nurse employees"; and "all persons who are or were formerly employed by [Brookdale] at any time since April 18, 2006." The last of these is clearly too expansive, since plaintiff alleges only that Brookdale nurses – rather than all Brookdale

5

employees – were subject to the same employment scheme as she.  In any event, despite the differences between plaintiff's various descriptions of the proposed collective action group, she does not appear to seriously contend that the group could encompass all of Brookdale's employees.  Her proposed notice of this collective action states that it should be sent to all "[c]urrent and former employees of [Brookdale] who worked as nurses on or after April 19, 2006," and this appears to be the definition of the collective action group that plaintiff is pursuing.

Still, Brookdale believes that this definition is too broad.  Brookdale argues that the definition of the collective action group must be limited to "cover only nurses on [plaintiff's] unit who perform similar work as [plaintiff] on the same shift and who had the same Nurse Manager," since these are the only employees who plaintiff has demonstrated to be similarly situated to plaintiff.  Notably, however, Brookdale does not claim that the employment policies at issue here – the requirement that nurses be "on call" during their lunch breaks or the rule that nurses must complete nightly tasks regardless of whether they are able to do so within their scheduled shift – vary between units, shifts, or Nurse Managers.  Nor would there be any reason for this Court to presume that these policies would vary between units, shifts, or Nurse Managers, since these policies are broad and general and do not appear tailored to plaintiff's particular circumstances.

Although Brookdale correctly notes that only a nurse with plaintiff's precise job description would be required to complete all of the tasks that plaintiff is required to complete at the end of her shift, plaintiff is challenging Brookdale's policy of paying nurses only until the scheduled end of their shifts, rather than paying the nurses for all of the time that the nurses spent working on mandatory tasks.  These tasks likely differ between units, shifts, and Nurse

6

Managers, but this Court has no basis to conclude that there is any variation in the policy of requiring nurses to finish their particular job tasks off the clock. Brookdale's proposed limitation on plaintiff's definition of the collective action group is thus far too narrow. See Summa, 715 F. Supp. 2d at 390 ("[P]arties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice." (quoting Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009))). The Court therefore conditionally certifies this case as a collective action, to include "all current and former employees of [Brookdale] who worked as nurses" during the relevant time period.

## II. Form of the Collective Action Notice

The form and provisions of a court-authorized collective action notice "are left to the broad discretion of the trial court." Sobczak, 540 F. Supp. 2d at 364 (citing Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482 (1989)). Defendants have made several objections to plaintiff's proposed notice, which the Court will address in turn.

First, the Court agrees with Brookdale that plaintiff's notice should be modified to cover only those employees who worked at Brookdale during the past three years, rather than the past six years. Although some courts in the Second Circuit have allowed collective action notices to cover a six-year period when the plaintiff brings claims under New York Labor Law along with her FLSA claims, see, e.g., Glowacka v. Zablocki Indus., Inc., No. 05-CV-4878, 2006 U.S. Dist. LEXIS 72343, at *14 (E.D.N.Y. Apr. 13, 2006), there is a split of authority on this issue. This Court has already decided that the better-reasoned approach is for the notice to span only three years, since

> [t]he longest applicable limitations period to [plaintiff's] FLSA claim is three years if willful violations are established. 29 U.S.C. § 255(a). Thus, any potential

7

> plaintiff whose claim is more than three years old has a state law claim only. In the absence of diversity and a claim for damages in excess of $75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims. There is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court.'

Sobczak, 540 F. Supp. 2d at 364 (E.D.N.Y. 2007) (quoting LeGrand v. Educ. Mgmt Corp., No. 03-CV-9798, 2004 WL 1962076, at *3 n. 2 (S.D.N.Y. Sept. 2, 2004)).

Plaintiff argues that the notice should cover a six-year period in order to capture potential plaintiffs whose claims may be subject to equitable tolling. The FLSA requires that employers post a notice explaining the FLSA's requirements "in conspicuous places . . . where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. In some instances, the failure to post such notices can equitably toll the statute of limitations until an employee has actual notice of his or her rights under the FLSA. See Jemine v. Dennis, No. 2008-CV-3072, 2009 WL 837802, at *1 n. 1 (E.D.N.Y. Mar. 26, 2009). Although plaintiff does not allege that she was unaware of her rights under the FLSA,[1] her declaration states that Brookdale "did not post any notice indicating that RN employees had a right to minimum wages and/or overtime."

However, Brookdale submitted the declaration of its Director of Human Resources, Judith Selman, who claims that since 1997 she has "made sure that FLSA compliant and NYLL-compliant notices that explain the FLSA and NYLL respectively have been placed, posted, and maintained and at present continue to be maintained at the main Brookdale employee entrance and by the Human Resources office, where Brookdale employees are able to readily observe a copy." In light of this factual dispute, and considering the burden that would be placed on

---

[1] In fact, plaintiff's claim that she "frequently discussed" the disputed employment policies with other RNs at Brookdale, "who all said that they worked past their scheduled tour time and generally worked through their meal break, and were never paid any wages by [Brookdale] for these hours worked," suggests that plaintiff and these other RNs were indeed aware that they were entitled to be paid for all hours worked.

8

Brookdale if it had to identify all of these additional plaintiffs, many of whom were likely aware of their right to be paid for all hours worked and will therefore be denied equitable tolling after all, the Court finds that the time period specified in the notice of collective action should not anticipate equitable tolling. See Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 388 (E.D.N.Y. 2010) ("[G]iven this factual dispute, and in consideration of the burden to defendant in identifying the thousands of putative class members, the court rejects the six-year period proposed by plaintiff at this time."). This time period can be modified if further discovery proves that the FLSA notices were not posted in accordance with the law. See id. Since plaintiff has alleged that Brookdale's FLSA violations were willful, the notice should encompass all employees who worked for Brookdale within three years of the date of the notice. See McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 399 (E.D.N.Y. 2011) ("'Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.'" (quoting Iglesias–Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007)).

Brookdale also argues that the notice should be sent from, and returnable to, the Clerk of the Court, rather than plaintiff's attorney. Brookdale provides no rationale for this request, but cites to Searson v. Concord Mortg. Corp., No. 07-CV-3909, 2009 U.S. Dist. LEXIS 88926, at *7 (E.D.N.Y. Sept. 24, 2009). The Searson court found that the plaintiff's proposed form of notice "implie[d] that potential plaintiffs must be represented by plaintiffs' counsel . . . and that the opt-in consent form must be forwarded to [plaintiffs' counsel] in order to join the suit." Id. To remedy this problem, the court held that the notice should be amended "so that it is clear to the potential plaintiffs that they have the option to retain [plaintiffs' counsel], but can select any counsel of their choosing." Id. This is not an issue here, as plaintiff's proposed notice clearly

informs potential plaintiffs: "you can join this lawsuit by counsel of your own choosing." Brookdale's suggested modification is therefore rejected.

Brookdale also suggests that the word "defendants," as used in the notice, should be modified to "defendant" to account for this Court's dismissal of the individual defendants. Plaintiff agrees, and the notice shall therefore be amended accordingly.

Brookdale also wants plaintiff to revise the "Introduction" paragraph of the notice such that Brookdale's denials of liability are set forth in a separate paragraph because, according to Brookdale, lumping these denials in with plaintiff's explanation of the lawsuit "burie[s]" the denials. For support, Brookdale cites to Moore, 276 F.R.D. at 60, which does not address this issue and does not appear to support Brookdale's argument in any respect. Since the "Introduction" paragraph is brief – five sentences – and places equal emphasis on plaintiff's allegations and Brookdale's denials, this requested modification is rejected.

Brookdale also argues that "as this is a notice for an FLSA collective action, any and all references to any alleged state violations (i.e. spread of hours), should be stricken." Plaintiff did not respond to this requested modification, and the Court finds that the modification is appropriate. As written, the notice misleadingly implies that the spread-of-hours premium can be recouped through this FLSA collective action. Reference to strictly state-law violations should therefore be removed from the notice.

Brookdale also suggests that the "Your Right to Participate in this Lawsuit" section of the notice contain a separate paragraph indicating that potential plaintiffs may proceed by counsel of their own choosing. For support, Brookdale cites to a case in which this Court squarely rejected an identical objection to a collective action notice. In Siewmungal v. Nelson Mgmt. Grp. Ltd., 11-CV-5018, 2012 U.S. Dist. LEXIS, at *13 (E.D.N.Y. Mar. 3, 2012), as here, the plaintiff's

10

proposed notice already informed the potential plaintiffs of their right to choose their own counsel and the requirement that any opt-in notices be mailed to the Clerk of the Court by that counsel within a certain time period. I therefore held that "[a] separate heading is unnecessary to convey to potential plaintiffs their freedom in choosing counsel." A separate paragraph is likewise unnecessary here.

Brookdale also suggests that plaintiff add the following sentence to the notice: "The Court has made no decision on the merits of the case." Brookdale would like this sentence to come before the sentence in plaintiff's proposed notice which states: "Your receipt of this notice does not indicate any entitlement to recovery as the outcome of the legal action has not yet been determined." In support of this requested modification, Brookdale cites to pages 18-19 of this Court's decision in <u>Siewmungal</u>. There are no such pages in <u>Siewmungal</u>, which ends at page 15, and that case does not address Brookdale's proposed sentence. To the contrary, <u>Siewmungal</u> states only that "plaintiff's proposed notice should . . . include a clear statement that receipt of the notice does not indicate an entitlement to recovery." <u>Id.</u> at *13-14. Plaintiff's notice includes this exact statement. In any event, the language that Brookdale seeks to add – "the Court has made no decision on the merits of the case" – appears, in substantially the same words, and in all capital letters, in a different paragraph of plaintiff's proposed notice. Brookdale's requested modification is therefore denied.

Brookdale's remaining suggestions regarding the paragraphs that fall under the heading "Effect of Joining this Action" are rejected. These proposed changes amount to nothing more than a nitpicky rearranging of words that does nothing to clarify or change the meaning of the disputed sentences. The sentences, as written, clearly inform potential plaintiffs of their possible discovery obligations and of class counsel's contingency fee.

11

Finally, Brookdale requests that the title "Esquire" be appended to the name of its attorney, Steven M. Berlin, on the portion of the notice identifying defense counsel. Although the parties' pettiness in being unable to work out this detail between themselves, rather than submitting the issue for judicial resolution, is unfortunate, the requested modification is granted.

Subject to the above modifications, the collective action notice entitled "NOTICE OF LAWSUIT AND OPPORTUNITY TO JOIN," attached as Exhibit A to plaintiff's Motion for Approval of Collective Action Notice, is hereby approved for mailing to potential plaintiffs.

## III. Disclosure of the Names and Addresses of Potential Plaintiffs

Plaintiff also seeks disclosure by Brookdale of the names and addresses of potential plaintiffs to the collective action in order to send them the proposed notice and consent forms. Numerous courts have found that discovery of such information is appropriate in FLSA collective actions, see, e.g., Moore, 276 F.R.D. at 59-60; Cruz, 754 F. Supp. 2d at 526-27; Sobczak, 540 F. Supp. 2d at 364, and Brookdale does not oppose this request. Therefore, the names and last-known addresses of potential plaintiffs shall be disclosed to plaintiff's attorney within fifteen days from the date this Order is entered. This information shall be supplied in paper form, and also digitally in one of the following formats: Microsoft Excel; Microsoft Word; or Corel WordPerfect.

Plaintiff shall mail the notice of collective action to all potential plaintiffs no later than twenty days following Brookdale's disclosure of their names and last-known addresses. If any notice to any potential plaintiff is returned as undeliverable, plaintiff's counsel is permitted to mail the notice to such potential plaintiff again at any other address he may determine is appropriate.

All potential plaintiffs must opt-in no later than sixty-five days following the date of mailing of the collective action notice, by returning the executed form entitled "Consent to Become Party Plaintiff" to the Clerk of the Court, or by mailing this form to plaintiff's counsel within sixty days following the date of mailing of the notice, who shall thereupon promptly file such executed consents with the Court and serve copies thereof on other counsel of record.

                                                  Signed electronically/Brian M. Cogan
                                                                                  U.S.D.J.

Dated: August 9, 2012
       Brooklyn, New York